IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,077-02






EX PARTE MELVIN AVINA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-09-300140 IN THE 147TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty-eight years' imprisonment. His appeal was dismissed for want of
jurisdiction. Avina v. State, No. 03-11-00182-CR (Tex. App.-Austin, Jun. 9, 2011) (unpublished). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance that
rendered his plea involuntary.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The record
shows that the trial court entered an untimely order designating issues, singling out several
allegations of ineffective assistance of counsel to be resolved. The trial court shall obtain a response
from Applicant's trial counsel addressing the issues highlighted in the court's order designating
issues and order for filing affidavits, signed on February 16, 2012. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance caused Applicant's guilty
plea to be involuntary. The trial court shall make specific findings addressing the issues designated
for resolution in the trial court's untimely order designating issues and order for filing affidavits. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 25, 2012

Do not publish